**"Redacted Version"**

UNITED STATES COURT OF FEDERAL CLAIMS
BID PROTEST

**"Protected Information to Be Disclosed Only in Accordance With the U.S. Court of Federal Claims Protective Order"**

| | |
|---|---|
| DCMS-ISA, Inc., Service Disabled Veteran Owned Small Business Joint Venture<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES, Department of Homeland Security | USCFC No. 08-456C<br><br>Judge Nancy B. Firestone<br><br>**PLAINTIFF'S MOTION FOR ORDER DIRECTING DEFENDANT TO REFER THE SDVOSB PROPOSERS TO THE SBA FOR A CERTIFICATE OF COMPETENCY** |

Plaintiff respectfully requests this Court issue an Order directing the Department of Homeland Security to refer the SDVOSB's responding to the SOLICITATION to the Small Business Administration for a Certificate of Competency on the issue of past performance.

## I.

## STATEMENT OF THE ISSUES

With the issuance of the Certificate of Competency ("COC") by the SBA to any or all of the SDVOSB proposers, all issues raised by Plaintiff's Complaint are resolved in Plaintiff's favor as a matter of law thereby allowing this Court to enter final judgment on Plaintiff's Complaint.

## II.

## STATEMENT OF THE FACTS

1. On or about February 19, 2008, the Department of Homeland Security ("DHS") issued Solicitation HSCEW8-08-R-00004 requesting proposals for Colorado Armed Guard Services (the "SOLICITATION"). The SOLICITATION was a competitive set-aside for a Service-Disabled Veteran-Owned Businesses ('SDVOSB") in accordance with 48 C.F.R. 52-

219-27. The SOLICITATION was for armed guard services for 50 buildings across 10 cities in the Denver, Colorado area on a recurring basis. *Administrative Record ("AR") pp 7-170.*

2. On or about March 4, 2008, 14 proposals were received from 14 SDVOSB entities. *AR 1769-1789.* Thirteen (13) of the 14 SDVOSB proposals complied with the proposal submission requirements. *AR 1769, 1790.*

3. The DHS established a team of three evaluators ( the "TET"), including a Chairperson, Thomas McKernan. The TET evaluated 13 of the 14 proposals in accordance with the requirements of the SOLICITATION. *AR 1769-1788.*

4. On March 20, 2008, four DHS personnel conducted interviews with the "….potential top three technically rated offerors.". There were no discussions concerning past performance. *AR 1824.* It appears that the TET was composed of Sohie Sims, Thomas McKernan and Trevor Wood. *AR 1824.*

5. Each of the three TET members independently evaluated and rated each of the 13 proposals. *AR 1469-1747.* The TET then convened, discussed the results of their separate evaluations and collectively agreed to the ratings of each proposal. *AR 1748-1764.*

6 On April 7, 2008, the Contracting Officer for the SOLICITATION, Gil Olivas, spoke with the TET chairman concerning flaws Mr. Olivas perceived in the technical evaluation. The TET chairman agreed to revise the tech report. *AR 1765-1766.*

7. On or about April 11, 2008, the TET issued a revised technical report including a summary of the ratings of each of the 13 proposals. *AR 1769-1789.*

8. There were four ratings for Past Performance: Very Good, Satisfactory, Neutral and Unsatisfactory. *AR 197.*

9. **Very Good,** the highest possible "Rating for Past Performance..", was defined as "(Significant Confidence): Based on the offeror's performance record, essentially no doubt exists the offeror will successfully perform the required effort." *AR 197.*

10. **Satisfactory,** the second highest possible "Rating for Past Performance…", was defined as "(Confidence): Based on the offeror's performance record, some doubt exists the offeror will successfully perform the required effort." *AR 197.*

11. The symbols (+) or (-) were also used in conjunction with a rating to indicate a stronger or weaker response to a factor or final overall rating. *AR 197.*

12. Of the 13 proposals rated by the team, [redacted] of the proposals had ratings of Very Good or Satisfactory in the Past Performance factor. *AR 1769-1818.*

13. On the factor of Past Performance [redacted] of the 13 SDVO SBC entities rated received the highest rating possible of "Very Good "(Significant Confidence): Based on the offeror's performance record, essentially no doubt exists the offeror will successfully perform the required effort."

14. On or about April 11, 2008, the TET and the Contracting Officer for the SOLICITATION, Gil Olivas, issued a Competitive Review and Best Value Decision that compared all the offers and made a best value determination that the [redacted] offer represented the best value to the Government. [redacted] team, composed of [redacted] has outstanding past performance and has provided several specific examples of successful transitions with cold starts.". *AR p 1818; AR pp 731-829, 1616-1637, 1748-1818.*

15. The Contracting Officer for the SOLICITATION, Gil Olivas, recommended an award to the [redacted] team. *AR pp 1790-1818.*

16. On a date unknown an unknown evaluator, but probably Jennifer Weindel, reviewed all the SDVOSB proposals. The entirety of the review was on past performance of the offerors. The review did not encompass the SDVOSB offeror's team, but separated the SDVOSB from its subcontractors/team members and evaluated each SDVOSB separately from the team on the issue of the competency of the SDVOSB to perform the requirements of the SOLICITATION. *AR 41.*

17. In the Determination and Findings ("D&F") dated May 2, 2008, the new evaluator, Jennifer Weindell, states:

> The Past Performance evaluation revealed that none of the offerors demonstrated experience similar to that described above, unless at the subcontract level where teaming arrangement were proposed. In those cases, the benefit of the subcontractor experience was far outweighed

> by the risk inherent in awarding a contract to a prime contract with little to no relevant experience of its own. As set forth in FAR 52.219-27 "Notice of Total Service Disabled Veteran-owned Small business Set-Aside," SDVOB concern must agree that in performance of the contract, at least 50% of the cost of personnel for contract performance will be spent for employees of concern…". With this mind, fully attributing the experience of subcontractors to a prime with little to no experience that is responsible for the majority effort, is an extreme risk to FPS.
>
> Based on the evaluation of offers received, the CCG concluded that the SDVOB community does not demonstrate the necessary relevant experience to perform a requirement such as this without significant risk to the agency and without an excessive reliance on established, large, security firms acting as subcontractors.

*AR pp 1844-1846.*

18. 48 C.F.R. 15.305 provides mandatory guidance on the factor of past performance to government agencies evaluating proposals. 48 C.F.R. 15.305 (2) states:

> (2) Past performance evaluation.
>
> (i) Past performance information is one indicator of an offeror's ability to perform the contract successfully. The currency and relevance of the information, source of the information, context of the data, and general trends in contractor's performance shall be considered. This comparative assessment of past performance information is separate from the responsibility determination required under subpart 9.1.
>
> (ii) The solicitation shall describe the approach for evaluating past performance, including evaluating offerors with no relevant performance history, and shall provide offerors an opportunity to identify past or current contracts (including Federal, State, and local government and private) for efforts similar to the Government requirement. The solicitation shall also authorize offerors to provide information on problems encountered on the identified contracts and the offeror corrective actions. The Government shall consider this information, as well as information obtained from any other sources, when evaluating the offeror past performance. The source selection authority shall determine the relevance of similar past performance information.
>
> (iii) The evaluation should take into account past performance information regarding predecessor companies, key personnel who have

> relevant experience, or subcontractors that will perform major or critical aspects of the requirement when such information is relevant to the instant acquisition.
>
> (iv) In the case of an offeror without a record of relevant past performance or for whom information on past performance is not available, the offeror may not be evaluated favorably or unfavorably on past performance.
>
> (v) The evaluation should include the past performance of offerors in complying with subcontracting plan goals for small disadvantaged business (SDB) concerns (see Subpart 19.7), monetary targets for SDB participation (see 19.1202), and notifications submitted under

19. On May 20, 2008, the DHS cancelled the SOLICITATION "because no offeror possessed relevant past performance.". The DHS cancelled the SOLICITATION because the DHS measured the "offeror's ability to successfully perform this effort…" and found that the competence of every one of the 13 SDVOSB proposers to be deficient. The DHS made a competency determination on each of the 13 SDVOSB irrespective of the SDVOSB's teaming partners. *AR 1866, 1867 & 1868.*

## III.

## <u>ONLY THE SBA MAY MAKE A DETERMINATION ON THE COMPETENCY OF A SMALL BUSINESS TO PERFORM THE REQUIREMENTS OF A SOLICITATION.</u>

A Certificate of Competency is the certificate issued by the Small Business Administration (SBA) stating that the holder is responsible (with respect to all elements of responsibility, including but not limited to capability, competency, capacity, credit, integrity, perseverance, and tenacity) for the purpose of receiving and performing a specific Government contract. <u>48 C.F.R. § 19.601(a)</u>. <u>48 C.F.R. § 19.602-4 (b)</u> allows DHS no further discretion in withholding the award from any SDVOSB receiving a COC..

> (b) The contracting officer shall award the contract to the concern in question if the SBA issues a COC after receiving the referral. An SBA-certified concern shall not be required to meet any other requirements of responsibility. SBA COC's are conclusive with respect

> to all elements of responsibility of prospective small business contractors.

The issue of the past performance or competency of a proposer submitting a proposal on a SOLICITATION is an issue of responsibility. The DHS does not have the authority to reject a bid based upon a responsibility determination. The SBA has the sole statutory authority and responsibility to make a responsibility determination.

Upon the issuance of the COC to any one of the SDVOSB proposers, this Court may without more, issue a permanent injunction on DHS directing the award of the SOLICITATION to the best value of the certificated SDVOSB proposers.

With the issuance of the COC, PLAINTIFF respectfully suggests that this Court no longer has the jurisdiction to rule on any issue denying an award of the SOLICITATION to any SDVOSB that receives a COC on this SOLICITATION. *Stapp Towing Inc. v. U.S.***,** 34 Fed.Cl. 300, 306-307 (1995); *Cavalier Clothe, Inc. v. U.S.*, 810 F.2d 1108, 1111(Fed. Cir. 1987).

## IV.

## WITH THE ISSUANCE OF THE CERTIFICATE OF COMPETENCY BY THE SBA ALL ISSUES RAISED BY PLAINTIFF'S COMPLAINT ARE RESOLVED IN PLAINTIFF'S FAVOR AS A MATTER OF LAW.

The COC procedure gives the SBA the final word when a procuring agency calls into doubt the responsibility of a small business that is otherwise in line for award. If the SBA approves the COC application of a bidder referred by a procuring agency, the CO must award that bidder the contract. *13C.F.R 125.5(m*) and *FAR 19.602-4(b).*

48 C.F.R. § 19.602-4 (b) allows DHS no further discretion in withholding the award from any one of the proposers who are certificated with a COC;

> (b) The contracting officer shall award the contract to the concern in question if the SBA issues a COC after receiving the referral. An SBA-certified concern shall not be required to meet any other requirements of responsibility. SBA COC's are conclusive with respect to all elements of responsibility of prospective small business.

As this court explained in Stapp Towing Inc. v. United States, 34 Fed.Cl. 300, 302 (1995), a disappointed small business bidder rejected on the basis of nonresponsibility is "entitled, as a small business, to request an SBA determination of the company's responsibility under its Certificate of Competency ... program." The program was explained as follows: Under the program the SBA makes a determination of a small business' responsibility to perform under a contract. After considering all aspects of a business' responsibility, the SBA determines whether to issue a COC. If the SBA issues the COC, the procuring agency must accept the SBA's responsibility determination as final. *Id.* at 302.

The FAR allows no basis for appeal of the SBA's decision. The FAR allows for no forum for an appeal of this decision. The issuance of the COC by the SBA divests the Contracting Officer of any discretion concerning the award of this SOLICITATION. Since this Court has no jurisdiction to entertain an appeal when the SBA issues a COC, Plaintiff respectfully suggests that the issuance of the COC by the SBA divests this Court of jurisdiction to reconsider the SBA's decision. *Stapp Towing Inc. v. U.S.*, 34 Fed.Cl. 300, 306-307 (1995); *Cavalier Clothes, Inc. v. U.S.*, 810 F.2d 1108, 1111(Fed. Cir. 1987).

**CONCLUSION**

Plaintiff respectfully requests this Court issue an Order directing the DHS to refer each of the 13 SDVOSB proposers, or as many of the SDVOSB proposers that are in the competitive range, to the SBA requesting a COC determination.

Plaintiff requests a status conference to discuss the issues raised by this Motion.

Dated: July 24, 2008

Respectfully submitted,

s/ William L. Bruckner

William L. Bruckner
BRUCKNER & WALKER, LLP
4550 Kearny Villa Road, Suite 209
San Diego, CA 92123
(858) 565-8300 Telephone
(858) 565-0813 Facsimile
bill@brucknerwalker.com

Attorneys for DCMS-ISA, Inc.

CERTIFICATE OF SERVICE

I hereby certify that on July 25, 2008 a copy of the foregoing document was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Tiffany Adams